IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:25-CV-00836-KDB-SCR

| | |
|---|---|
| ERIC V. LEWIS,<br><br>    Plaintiff,<br><br>  v.<br><br>MTM AGENCY<br>JUST WHIPS,<br>CENTRAL INTELLIGENCE<br>AGENCY, AND<br>PRIVATE INVESTIGATOR,<br><br>    Defendants. | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on Plaintiff's Motion to Proceed In Forma Pauperis ("IFP") (Doc. No. 2). The Court has carefully considered this motion and Plaintiff's sworn Application, which details his financial circumstances. Although the application is partially blank, Plaintiff does represent that he has no income and no employment. *See* Doc. No. 2. Based on that representation, the Court finds that Plaintiff does not have sufficient assets with which to pay the filing fee. Accordingly, the Court will **GRANT** the Motion for the limited purpose of conducting an initial review but **DISMISS** Plaintiff's Complaint without prejudice after conducting that review.

### I.     Plaintiff's Motion to Proceed IFP

"The federal in forma pauperis statute, enacted in 1892 and presently codified as 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342–43 (1948)). To achieve its goal, the IFP statute "allows a litigant to commence

1

a civil or criminal action in federal court in forma pauperis by filing in good faith an affidavit stating … that he is unable to pay the costs of a lawsuit." *Id*. In his IFP motion, Plaintiff states that he lives on disability income and that he does not otherwise have assets that would allow him to pay for these proceedings. *See* Doc. No. 2. Based on these representations, the Court will conditionally grant the motion and permit Plaintiff to proceed IFP solely for the limited purposes of this initial review.

## II. Initial Review

Because Plaintiff is proceeding IFP, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. *Neitzke*, 490 U.S. at 327–28. Furthermore, a pro se complaint must be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the Complaint which set forth a claim that is cognizable under federal law. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

In this Complaint, Pro se Plaintiff Eric V. Lewis fails to identify any basis for federal jurisdiction over this action. *See* Doc. No. 1. He lists numerous federal statutes but does not allege any were violated. *See* Doc. No. 1-1. Instead, he provides several addresses and a list of vehicle identification numbers. *Id.* Plaintiff also appears to ask for a "dymond flawless" for a wedding from Defendant. *Id.* Because Plaintiff has made no federal claim or properly alleged any other grounds for this Court to exercise jurisdiction over his Complaint, the matter must be dismissed.

### III. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff's IFP Motion (Doc. No. 2) is **GRANTED;**

2. Plaintiff's Complaint (Doc. No. 1) is **DISMISSED** without prejudice; and

3. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: October 24, 2025

Kenneth D. Bell
United States District Judge